**JOAN OAT, Plaintiff**

**v.**

**SEWER ENTERPRISES, LTD., f/k/a SEWER-DOLIN ASSOCIATES, LTD., ESTATE OF LLEWELLYN A. SEWER, Defendants**

**OAT v. SEWER ENTERPRISES, LTD.**

Civ. No. 2003-115

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 30, 2004

GARRY GARTEN, ESQ., St. Thomas, U.S.V.I., *For the Plaintiff.*

GREGORY H. HODGES, ESQ., St. Thomas, U.S.V.I., *For Defendant Estate of Llewellyn A. Sewer.*

NANCY D'ANNA, ESQ., St. John, U.S.V.I., *For defendant Sewer Enterprises, Ltd.*

MOORE, *District Judge*

## MEMORANDUM

### (August 30, 2004)

The Estate of Llewellyn A. Sewer ["Sewer's Estate"] has filed a motion to dismiss or stay, arguing that I should abstain from adjudicating this matter under the Supreme Court's *Colorado River* abstention doctrine or, alternatively that I should dismiss this matter because the plaintiff failed to present its claims to the administrator of Sewer's Estate before filing this lawsuit, as required under Virgin Islands law. I find it unnecessary to address the estate's *Colorado River* argument, because I agree that the plaintiff improperly filed this lawsuit before presenting her claims to the Estate. Accordingly, I will grant Sewer's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Joan Oat's lawsuit, as well as several actions the plaintiff has pending in Territorial Court, involve a dispute related to real property located on St. John. The foundation for this dispute was set on March 26, 1987, when Huldah Sewer, Victor Sewer, and Llewellyn A. Sewer, leased certain real property to Sewer Enterprises.[1] Huldah Sewer, Victor Sewer, and Llewellyn A. Sewer are all now deceased. As well as being a lessor, Llewellyn A. Sewer was President of Sewer Enterprises and owner of 51% of its shares.

On July 1, 1987, Sewer Enterprises allegedly executed and delivered a promissory note and leasehold mortgage securing payment of the note to Carpeteria, Inc. Employee's Pension Plan in the amount of $100,000, plus interest at the rate of twelve percent per year ["First Note"]. On September 6, 1988, the First Note was assigned to Donald Oat, the now-deceased husband of plaintiff Joan Oat. On December 3, 1989, Sewer Enterprises allegedly executed and delivered a second promissory note secured by a second priority leasehold mortgage to Donald Oat and the plaintiff for $554,612.38 plus interest at twelve percent per year on the same 1987 lease ["Second Note"]. When Donald Oat died in 1997, he left his interest in both the First Note and the Second Note to the plaintiff. Although the plaintiff is the minority shareholder in Sewer

---

[1]    At the time, the entity now known as Sewer Enterprises did business under the name Sewer-Dolin Associates, Ltd; thus, the name Sewer-Dolin Associates appears on the lease agreement.

Enterprises, owning 49% of its shares, she and her family have allegedly been responsible for running the day-to-day operations of the company.[2]

On April 23, 1997, the plaintiff filed suit in Territorial Court, demanding foreclosure on the First Note and Second Note ["Territorial Court Foreclosure Action"]. The complaint in the Territorial Court Foreclosure Action contains requests for foreclosure based on Sewer Enterprises' alleged default on the First and Second Notes that are nearly identical to the demands of the plaintiff in her complaint in this Court. The complaint in this Court, which was filed on June 27, 2003, differs from the Territorial Court complaint only in the parties named and in the number of counts alleged. In addition to Sewer Enterprises, the Territorial Court Foreclosure Action named Huldah Sewer, Llewellyn Sewer, and Victor Sewer as defendants, whereas the complaint here named the Estate of Llewellyn A. Sewer in addition to Sewer Enterprises. Both actions are founded on allegations of default under the First and Second Notes, and request foreclosure under the mortgages securing them, except that the action filed in this Court includes two additional vaguely-worded counts claiming that the plaintiff lost an unspecified amount of money due to Sewer's fraudulent conduct and suffered emotional distress and "other damages" because of the conduct of the defendants.

In addition to the 1997 foreclosure action, two separate probate proceedings have been filed in the Territorial Court relating to Oat's claims in this Court. First, on July 23, 1999, Oswin Sewer filed a petition for issuance of letters of administration for the estate of Huldah Sewer. On March 9, 2000, the plaintiff filed a creditor's claim against the estate of Huldah Sewer. After the estate failed to act on the claim, in September of 2001 the Territorial Court ordered Huldah Sewer's estate to pay the plaintiff $78,800 in partial satisfaction of the claim. On January 13, 2003, however, the Territorial Court vacated its order approving the payment to the plaintiff and required her to disgorge the money she had received because the judge found that the claim was barred by the statute of limitations. The judge also found that the plaintiff misrepresented her relationship with Sewer Enterprises as an arms-length transaction in a deliberate attempt to mislead the estate and the Court. The plaintiff filed

---

[2] As evidence of the plaintiff's involvement in the operations of Sewer Enterprises, she accepted service on behalf of Sewer Enterprises of her own summons and complaint in this very lawsuit.

a motion for reconsideration of the disgorgement order, which the Territorial Court denied on May 28, 2003.[3] The plaintiff's appeal of the disgorgement order is pending before the Appellate Division of this Court.

Second, on February 6, 2003, Llewellyn A. Sewer, Jr. ["Sewer Jr."] petitioned the Territorial Court for the administration of his father's estate. The court approved the petition on March 20, 2003, and appointed Sewer Jr. as the administrator of Sewer's Estate. On April 8, 2003, the plaintiff moved to require that Sewer Jr. prove his legal capacity to act as the administrator of the estate. The Territorial Court denied this motion on August 11, 2003. The plaintiff has not alleged that she presented her claim against Sewer's Estate to its administrator before she filed suit against the estate in this Court. She takes the position in her opposition brief that it would have been futile to have first filed a claim with the administrator.[4]

Sewer's Estate has moved to dismiss or stay this matter on two grounds. First, it argues that I should abstain from hearing the case because the plaintiff has filed a virtually identical action for debt and foreclosure in the Territorial Court. Second, it claims the case should be dismissed because the action is precluded by 15 V.I.C. § 606(b) as the plaintiff has not presented her claim against the estate to the estate's administrator.

## II. STANDARD OF REVIEW

The standard of review for a motion to dismiss is well established, and I will only briefly summarize that standard here. In considering Sewer's Estate's motion to dismiss, I "may dismiss [the] complaint if it appears certain the plaintiff cannot prove any set of facts in support of its

---

[3]     The plaintiff filed her complaint in this Court less than one month later, on June 27, 2003.

[4]     The plaintiff states the following in her opposition brief:

The Estate has already made it abundantly clear that it will fight payment to Ms. Oat of any money owed her and has demonstrated its willingness to do anything to prevail, including physically threatening her and her family. This leaves one wondering why presentment is so important to the Estate if not part of a continuing effort to cause still more delays in resolution. The Estate has not represented to this Court that it intends to approve the claims or work with Ms. Oat to resolve claims as the presentment statute appears to contemplate. In this context, presentment is futile.

(Opp'n to Mot. to Dismiss or Stay at 13-14.)

289

claims which would entitle it to relief." *See Bostic v. AT&T of the Virgin Islands*, 166 F. Supp. 2d 350, 354 (D.V.I. 2001) (internal quotations omitted); *see also Julien v. Committee of Bar Examiners*, 34 V.I. 281, 286, 923 F. Supp. 707, 713 (1996); FED. R. CIV. P. 12(b)(6). I must accept as true all well-pled factual allegations, drawing all reasonable inferences in the plaintiff's favor. *See Bostic*, 166 F. Supp. 2d at 354; *Julien*, 34 V.I. at 286-87, 923 F. Supp. at 713.

## III. ANALYSIS

In support of its motion to dismiss, Sewer's Estate argues that I should stay or dismiss the plaintiff's action pursuant to the abstention doctrine first enunciated by the Supreme Court in *Colorado River Water Conservation District v. United States*. 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). It argues in the alternative that I should dismiss the claims against it because the plaintiff has not complied with 15 V.I.C. § 606. That section provides:

(a) An action may be commenced against an executor or administrator at any time after the expiration of twelve months from the granting of letters testamentary or of administration and until the final settlement of the estate and discharge of such executor or administrator from the trust, and not otherwise.

(b) An action against an executor or administrator shall not be commenced until the claim of the plaintiff has been duly presented to such executor or administrator and by him disallowed. If such claim is presented after the expiration of the period of six months mentioned in sections 391 and 392 of this title, the executor or administrator in an action therefor shall only be liable to the extent of the assets in his hands at the time the summons is served upon him.

The language of section 606(b) is mandatory. It forbids the plaintiff from commencing an action against Sewer's Estate until she has first presented a claim to Sewer, Jr. in his capacity as the administrator of the Estate and he has disallowed the claim. Although more than twelve months have elapsed since the Territorial Court issued letter of administration to Sewer, Jr., this passage of time does not obviate 606(b)'s requirement the plaintiff present claims directly to the Estate before filing suit. Accordingly, it is unnecessary to address the Estate's

abstention argument, as section 606(b) demands that I grant the motion to dismiss. An appropriate order follows.